IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT LEE WRIGHT, III,**

    **Plaintiff,**

**vs.**                                **CASE NO. 4:24-CV-00060-WS-MAF**

**MR. YOUNG,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Wright III, a prisoner proceeding *pro se*, initiated this case by filing a pleading titled "The Eighth Amendment, Amended Complaint." ECF No. 1. Liberally construed, the pleading is an attempt to file a complaint pursuant to 42 U.S.C. § 1983. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. This Court screened Plaintiff's filing as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it legally insufficient as filed. ECF No. 3. The Court issued an Order advising Plaintiff that his "complaint" would likely be dismissed if he did not correct the deficiencies and directed him to either file an IFP application or pay the filing fee by March 13, 2024. ECF No. 3, pp. 6-7; see also ECF No. 9, pp. 5-6. For the

reasons stated, it is recommended that the complaint be dismissed and that the case be closed.

## I.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II. Plaintiff's "Complaint," ECF No. 1, and Procedural History.

Plaintiff initiated this case with a handwritten pleading against Mr. Young, but he did not use the Court's complaint form. ECF No. 1. The Court found the pleading legally insufficient to serve as a complaint and gave Plaintiff until March 13, 2024, to amend and to either file a complete IFP application or pay the $405 filing fee. ECF No. 3.

Plaintiff's pleading is no model of clarity. Plaintiff does not state whether he is suing Defendant in his individual– or official capacity or both. As best can be determined, Plaintiff sues Mr. Young, a manager with the

IRS[1], for harassment and violation of "Constitutional Treatise." ECF No. 1, pp. 2-3. Plaintiff asserts that Defendant charged him $5,000 in frivolous penalty fees. Id., p. 2. As relief, Plaintiff wants the Court to "solve the matter and set everything in my accounts to me." Id., p. 1.

Subsequently, Plaintiff filed two pleadings: (1) a motion titled "Motion To Waive/Waiver of Pro Se on 2016 and 2022 Form/Waiver, Waiver Pro Se To Pending Cases etc." and (2) a proposed "order" addressing such motion. ECF Nos. 4-5. The Court struck both because they failed to comport with the Local Rules. ECF No. 6.

Finally, Plaintiff filed two more pleadings: (1) a motion "For The Appointment of Counsel" and (2) a motion "For Certificate of Appealability," which the Court denied.  ECF No. 9. The Court reminded Plaintiff of his deadline to amend and to either file a complete IFP application or pay the filling fee. Id., p. 6. To date, Plaintiff failed to comply with the Court's orders.

## III. Discussion

Plaintiff had ample opportunity to amend his complaint and correct the deficiencies, but he did not do so. Each deficiency is discussed below.

---

[1] Plaintiff's complaint identifies Mr. Young as "Dept. Mgr., Accounts Management" with the IRS. ECF No. 1, p. 1.

A. Plaintiff's Complaint is Not on the Proper Form

*Pro se* litigants are required to file their civil rights complaints on the proper form. "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." N.D. Fla. Loc. R. 5.7(A). Plaintiff signed the "complaint," but that, too, is insufficient. "A document filed by a pro se party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E). As indicated above, the Court advised Plaintiff of the Rules, sent him the proper complaint form, and directed him to amend by March 13, 2024. ECF No. 3. Plaintiff did not comply.

B. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 3. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. Id.,

Case No. 4:24-CV-00060-WS-MAF

pp. 5-6. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff did not comply—instead, he filed four pleadings which were unresponsive or did not comply with the Rules governing this proceeding. See ECF Nos. 4, 5, 7, and 8.[2]

### C. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

As previously stated, Plaintiff had until March 13, 2024, to comply but has not done so. First, Plaintiff's filing titled "Eight Amendment, Amended

---

[2] As discussed below, the Court struck the improper pleadings. ECF Nos. 3, 6, and 9.

Case No. 4:24-CV-00060-WS-MAF

Complaint" was struck as improper; and the Court advised him to properly file his complaint and submit an IFP application or pay the filling fee. ECF No. 3. Plaintiff's next two filings were struck as improper; and the Court advised Plaintiff of the proper way to proceed. ECF No. 6. Finally, Plaintiff's latest motions also failed to comport with the Rules, although the Court denied them.

The Court repeatedly reminded Plaintiff of his deadline to comply in this case and his other cases.[3] ECF No. 9. Such defiance to this Court's order need not be tolerated. Id. As such, dismissal is appropriate.

## IV.  Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

---

[3] Notably, the Court also provided Plaintiff with advisements on the proper course of proceeding in federal cases. See Wright v. McHenry, 4:24-cv-00017-WS-MAF (Report recommending dismissal for failure to state a claim because the complaint failed to comply with court orders pursuant to the Local Rules and Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** this 20th day of March 2024.

                                              **s/ Martin A. Fitzpatrick**
                                              **MARTIN A. FITZPATRICK**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.  4:24-CV-00060-WS-MAF